IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD BELL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-cv-03264-M |
| | § | |
| ACCUMETRIC, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Dismiss for Lack of Jurisdiction. [ECF No. 7]. Plaintiff contests that there is a controversy sufficient to give the Court subject matter jurisdiction. For the foregoing reasons, the Motion is **DENIED**.

**I. Legal Standard**

Plaintiff Richard Bell owns the pending application for the trademark "THE BOSS," Application No. 87,354,791 (the "BOSS Mark"). [Complaint, ECF No. 1 ¶ 6]. He also owns the trademark "THE BOSS BUILDERS OUTLET SUPER STORE WWW.SHOPTHEBOSS.COM" and the related images, Registration No. 5,254,215 (the "BOSS Graphic Mark"). [*Id.* ¶ 7]. Both trademarks are for use in connection with retail building supply store services featuring home improvement products. [Complaint Ex. D at 5; Complaint Ex. E at 2].

Defendant Accumetric, LLC owns the trademark "BOSS," Registration No. 2,354,288, for use in connection with adhesives related to construction, furniture, stationary, household, and general use sealant products (the "'288 Mark"). [Complaint Ex. C at 2]. On October 25, 2017, Defendant initiated an opposition proceeding before the Trademark Trial and Appeal Board ("TTAB") of the United States Patent and Trademark Office, alleging that the BOSS Mark was "confusingly similar" to the '288 Mark. [Complaint Ex. F at 13].

On April 28, 2018, Defendant sent Plaintiff a settlement offer, stating that it would continue its TTAB opposition proceeding, and also initiate a separate TTAB cancellation proceeding against the Boss Graphic Mark, unless Plaintiff:

- Withdrew the application for the BOSS Mark;

- Surrendered the BOSS Graphic Mark;

- Limited any future use of "BOSS" to the full name of the business—"THE BOSS BUILDERS OUTLET SUPER STORE"—and the current geographic footprint of the single location at 2416 Merrell Road, Dallas, Texas;

- Did not sell any adhesives, sealants, or glues under any mark containing the word "BOSS," including "THE BOSS" and "SHOP THE BOSS"; and

- Discontinued use of www.shoptheboss.com and adopted a new domain name that did not contain the word "BOSS."

[Complaint ¶ 10].

The parties could not reach a settlement, and Defendant continued the opposition proceeding. [Motion to Dismiss at 4–5]. On November 8, 2018, Defendant informed Plaintiff that it would be filing a motion for summary judgment and asked if Plaintiff would consider withdrawing the trademark application to avoid continued litigation. [Samantha Quimby Decl., ECF No. 7-1 at 6]. When Plaintiff then asked for "a formal detailed and reasonable settlement proposal," Defendant indicated that it had already sent its "best offer for a global settlement, which [Plaintiff] rejected" and that it would be pursuing summary judgment. [*Id.* at 4]. Defendant filed its motion for summary judgment in the opposition proceeding on November 19, 2018, and Plaintiff then filed this declaratory judgment action on December 12, 2018. [Motion to Dismiss at 5; Complaint ¶ 11].

## I. Legal Standard

Defendant moves to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). As the party asserting jurisdiction, Plaintiff bears the burden, and "[i]t

is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). The Court may consider not only the Complaint but also any undisputed facts or the Court's resolution of disputed facts. *MCG, Inc. v. Great W. Energy Corp.*, 896 F.2d 170, 176 (5th Cir. 1990). The Court's use of facts does not necessarily convert a motion to dismiss into one for summary judgment. *Williamson v. Tucker*, 645 F.2d 404, 412 (5th Cir. 1981).

## II. An Actual Controversy Exists and Gives the Court Jurisdiction to Issue a Declaratory Judgment

The Declaratory Judgment Act grants the Court authority to issue a declaratory judgment in "a case of *actual controversy* within its jurisdiction." 28 U.S.C. § 2201 (emphasis added). It does not enlarge the jurisdiction of the Court. *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 672 (1950). Instead, the required "actual controversy" is the same as the case or controversy requirement in Article III of the Constitution. *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007).

Given the totality of the circumstances, there must be a "definite and concrete" dispute with "sufficient immediacy and reality." *Id.* "Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy[] between parties having adverse legal interests." *MedImmune, Inc.*, 549 U.S. at 127. The Court must avoid "an opinion advising what the law would be upon a hypothetical state of facts." *Id.* The plaintiff's mere awareness of a competing trademark is insufficient, and instead, there must be "some affirmative act" by the opposing trademark holder. *SanDisk Corp. v. STMicroelectronics, Inc.*, 480 F.3d 1372, 1381 (Fed. Cir. 2007). However, the plaintiff need not risk damages from an infringement suit or even have a reasonable apprehension of such a suit. *MedImmune, Inc.*, 549 U.S. at 133–34. Instead, the plaintiff may seek a declaratory judgment when the defendant has put

him "in the position of either pursuing arguably illegal behavior or abandoning that which he claims a right to do." *SanDisk Corp.*, 480 F.3d at 1381. It is a lenient standard that "facilitates or enhances the availability of declaratory judgment[s]." *Micron Tech., Inc. v. Mosaid Techs., Inc.*, 518 F.3d 897, 902 (Fed. Cir. 2008).

A controversy becomes sufficiently definite and concrete when the defendant asserts rights under a trademark based on the activity of the plaintiff, and the plaintiff contends it has the right to engage in that activity without license. *Poly-Am., L.P. v. Stego Indus., L.L.C.*, 694 F. Supp. 2d 600, 606 (N.D. Tex. 2010) (applying the Federal Circuit's jurisdictional test for patents from *SanDisk Corp.*); *see also Vantage Trailers, Inc. v. Beall Corp.*, 567 F.3d 745, 748 (5th Cir. 2009) ("A common framework for analysis applies to all patent, copyright, and trademark declaratory judgment suits."). "Because '[d]eclaratory judgment actions are particularly useful in resolving trademark disputes . . . , the finding of an actual controversy should be determined with some liberality.'" *Young v. Vannerson*, 612 F. Supp. 2d 829, 839 (S.D. Tex. 2009).

Plaintiff claims the right to use the BOSS Mark and the BOSS Graphic Mark. Thus, an actual controversy exists under *SanDisk Corp.* if Defendant has sufficiently asserted its rights against Plaintiff's use of those marks based on its '288 Mark.

Defendant made a series of demands that Plaintiff stop the commercial use of the Boss Mark, the Boss Graphic Mark, and other similar marks. [Complaint Ex. G at 2]. These types of cease and desist demands constitute an assertion of Defendant's rights and the desire to enforce them, and create an actual controversy. *See Poly-Am., L.P.*, 694 F. Supp. 2d at 607 (finding that statements "intended to induce [the plaintiff] to refrain from selling its yellow vapor-barrier product" demonstrated the "willingness to enforce [the plaintiff's] trademark rights"); *Bio Tr. Nutrition, LLC v. Biotest, LLC*, No. A-13-CA-884-LY, 2014 WL 2765690, at *3 (W.D. Tex. June

18, 2014) (holding that the plaintiff's demands that the defendant cease and desist the use of its trademarks "satisfied the 'case or controversy' requirement").

Defendant did not explicitly threaten any legal action, and Plaintiff admits that the risk of suit is "indefinite." However, even an explicit disavowal of future legal action will not eliminate the existence of an actual controversy if Defendant has "engaged in a course of conduct that shows a preparedness and willingness to enforce its . . . rights." *SanDisk Corp.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007).

Further, it does not matter that the demands are connected with an opposition proceeding. Defendant is correct that instituting a TTAB opposition proceeding does not create a claim for infringement that constitutes an actual controversy for a declaratory judgment action. *Red Lobster Inns of Am., Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 969 (5th Cir. 1975). However, as is recognized in *Trosper v. Metal Mulisha, LLC*, "*generally*, correspondence connected to [an opposition proceeding], cannot be the basis for a declaratory-judgment action." No. 4:09-cv-472-Y, 2010 WL 375481, at *2 (N.D. Tex. Feb. 2, 2010) (emphasis added). However, a controversy does exist when the correspondence goes "beyond the allegations necessary to support [an] opposition" because TTAB proceedings cannot redress past infringement or potential future infringement. *Id.* The Court may exercise jurisdiction when a Defendant's demands exceed the limited issue of registration and extend to the more general use of a mark. *Bio Tr. Nutrition, LLC*, 2014 WL 2765690, at *3.

Defendant exceeded the scope of the TTAB proceeding by demanding Plaintiff cease using "BOSS" in its name, change its domain name, and limit the products it sells. Defendant claims that these demands were withdrawn by its November 8, 2018 offer asking Plaintiff only to withdraw the application for the BOSS Mark. [Motion to Dismiss at 9]. But when Plaintiff sought

18, 2014) (holding that the plaintiff's demands that the defendant cease and desist the use of its trademarks "satisfied the 'case or controversy' requirement").

Defendant did not explicitly threaten any legal action, and Plaintiff admits that the risk of suit is "indefinite." However, even an explicit disavowal of future legal action will not eliminate the existence of an actual controversy if Defendant has "engaged in a course of conduct that shows a preparedness and willingness to enforce its . . . rights." *SanDisk Corp.*, 480 F.3d 1372, 1383 (Fed. Cir. 2007).

Further, it does not matter that the demands are connected with an opposition proceeding. Defendant is correct that instituting a TTAB opposition proceeding does not create a claim for infringement that constitutes an actual controversy for a declaratory judgment action. *Red Lobster Inns of Am., Inc. v. New England Oyster House, Inc.*, 524 F.2d 968, 969 (5th Cir. 1975). However, as is recognized in *Trosper v. Metal Mulisha, LLC*, "*generally*, correspondence connected to [an opposition proceeding], cannot be the basis for a declaratory-judgment action." No. 4:09-cv-472-Y, 2010 WL 375481, at *2 (N.D. Tex. Feb. 2, 2010) (emphasis added). However, a controversy does exist when the correspondence goes "beyond the allegations necessary to support [an] opposition" because TTAB proceedings cannot redress past infringement or potential future infringement. *Id.* The Court may exercise jurisdiction when a Defendant's demands exceed the limited issue of registration and extend to the more general use of a mark. *Bio Tr. Nutrition, LLC*, 2014 WL 2765690, at *3.

Defendant exceeded the scope of the TTAB proceeding by demanding Plaintiff cease using "BOSS" in its name, change its domain name, and limit the products it sells. Defendant claims that these demands were withdrawn by its November 8, 2018 offer asking Plaintiff only to withdraw the application for the BOSS Mark. [Motion to Dismiss at 9]. But when Plaintiff sought

more definite potential settlement terms, Defendant responded that an offer for a "global settlement" had already been given and that the current offer was merely an opportunity for Plaintiff "to forego the legal expense of defending *the dispositive motion*." [Samantha Quimby Decl. at 5–6] (emphasis added). This clarifies that Defendant maintained its position on issues other than the TTAB opposition proceeding, as outlined in its prior global settlement offer.

Accordingly, Defendant has sufficiently asserted its rights in the BOSS and BOSS Graphic Marks that Plaintiff claims he has a right to use, and this creates an actual controversy over the parties' legal rights that gives the Court subject matter jurisdiction.

## III.   The Court Will Exercise Its Discretion to Not Dismiss the Action

Even when there is an actual controversy that allows the Court to exercise jurisdiction, it is left to the Court's discretion whether to do so. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 288 (1995). However, "in the usual circumstance the declaratory judgment is not subject to dismissal." *SanDisk Corp.*, 480 F.3d at 1383. The Fifth Circuit has outlined the following non-exhaustive factors for the Court to consider: 1) whether there is a pending state action where the full controversy may be litigated; 2) whether the plaintiff filed the action in anticipation of a lawsuit; 3) whether the plaintiff is forum shopping; 4) whether allowing the plaintiff to gain precedence in time or change forums will cause possible inequities; 5) whether the federal court is a convenient forum for the parties and witnesses; 6) whether the lawsuit would serve judicial economy; and 7) whether the federal court is being called on to construe a judicial decree of a parallel state proceeding involving the same parties. *Sherwin-Williams Co. v. Holmes Cty.*, 343 F.3d 383, 388 (5th Cir. 2003).

There is no parallel state action, which renders factors 1 and 7 inapplicable and generally "weighs strongly against dismissal." *Id.* at 394. Considerations of possible forum shopping—

factors 2 and 3—also oppose dismissal. "The filing of every lawsuit requires forum selection. Federal declaratory judgment suits are routinely filed in anticipation of other litigation. [This] is not in itself improper anticipatory litigation or otherwise abusive 'forum shopping.'" *Id.* at 391. Plaintiff did not proceed with this action for an inappropriate purpose. *See Capco Int'l, Inc. v. Haas Outdoors, Inc.*, No. 3:03-cv-2127-G, 2004 WL 792671, at *4 n. 4 (N.D. Tex. Apr. 9, 2004) ("Improper reasons for bringing declaratory judgment actions include subverting the real plaintiff's advantage in state court, bringing a declaratory judgment action when the declaratory judgment defendants had been restricted from filing state court actions, and choosing one forum over another where the difference in forum changes the law that applies to the case") (internal citations and quotations omitted). Instead, there are multiple issues that can only be resolved outside of the opposition proceeding, and "courts have consistently declined to defer to the TTAB when additional claims are raised that cannot be resolved by the agency." *Young*, 612 F. Supp. 2d at 837 n. 2. There is also no unfairness under factor 4 given that Defendant raised multiple issues in a seemingly adversarial context that expressly demonstrated its willingness to litigate them.

Finally, convenience and judicial efficiency (factors 5 and 6) are neutral or weigh slightly in favor of retaining jurisdiction. Plaintiff is located in this District, and while Defendant's principal place of business is in Kentucky, it sells products in Texas and has made no arguments about the inconvenience of this forum. This makes the convenience of the forum neutral or slightly favoring the exercise of jurisdiction. *See Sports Innovations, Inc. v. Specialized Bicycle Components, Inc.*, No. CIV. A. 00-3272, 2001 WL 406264, at *3 (E.D. La. Apr. 18, 2001) (finding fairness weighed slightly in favor of keeping jurisdiction when the plaintiff was based in the forum and Defendant maintained an office in the forum but had documents and witnesses in another state).

Furthermore, both convenience and judicial economy weigh against "piecemeal and duplicate litigation" and favor dismissal where there is a forum that can provide "more exhaustive relief." *Kinetic Concepts, Inc. v. Connetics Corp.*, No. CIV.A.SA-04-CA0237XR, 2004 WL 2026812, at *4 (W.D. Tex. Sept. 8, 2004). While retaining this action does create duplicative litigation, the opposition proceeding cannot adjudicate all of the issues on which Plaintiff seeks a declaratory judgment. Instead, the Court is the forum that can provide "more exhaustive relief," and these competing considerations favor neither forum.

Given that all of the factors outlined in *Sherwin-Williams Co.* are either neutral or favor retaining jurisdiction, the Court determines it will exercise its discretion and retain jurisdiction.

**IV.    Conclusion**

For the reasons stated above, Defendant's demands created an actual controversy which gives the Court subject matter jurisdiction to resolve Plaintiff's declaratory judgment action. The Court will exercise its discretion to do so. Defendant's Motion is therefore **DENIED**.

**SO ORDERED**.

July 30, 2019.

_____
BARBARA M. G. LYNN
CHIEF JUDGE